UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CIELO JEAN GIBSON, VIDA
GUERRA and LINA POSADA,

      Plaintiffs,

v.

RIVER ENTERTAINMENT, LLC
d/b/a POWER STRIP dba
INDUSTRIAL STRIP dba CHIX
ON DIX dba CHIX dba CHIX
ROCK AND ROLL
GENTLEMAN'S CLUB,

      Defendant.

Case No: 2:19-cv-10003-BAF-APP

Hon. Bernard A. Friedman
Mag. Judge Anthony P. Patti

**Jury Trial Demanded**

---

EDMUND S. ARONOWITZ (P81474)
ARONOWITZ LAW FIRM, PLLC
Attorneys for Plaintiffs
2609 Crooks Rd., #290
Troy, MI 48084
(248) 716-5421/Fax (248) 419-1032
edmund@aronowitzlawfirm.com

DAVID J. BERKAL (P39098)
CURLEY & BERKAL, P.C.
Attorneys for Defendant
15635 W. 12 Mile Rd., Ste. 200
Southfield, MI 48076
(248) 552-1900/Fax (248) 552-1917
dberkal@mcbpc.com

---

## DEFENDANT RIVER ENTERTAINMENT LLC dba POWER STRIP dba INDUSTRIAL STRIP dba CHIX ON DIX dba CHIX dba CHIX ROCK AND ROLL GENTLEMAN'S CLUB'S ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, River Entertainment LLC d/b/a Power Strip dba

Industrial Strip dba Chix on Dix dba Chix dba Chix Rock and Roll Gentleman's

Club, by and through its attorneys, Curley & Berkal, P.C., as its answer to Plaintiffs' Complaint states as follows:

## INTRODUCTION

1.     Defendant denies the allegations contained in paragraph 1; in further response, Defendant contends that Plaintiffs have failed to properly plead and/or prove a federal claim.

## PARTIES

**A.     Plaintiffs**

2.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 and, on that basis, denies them.

3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 and, on that basis, denies them.

4.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 and, on that basis, denies them.

**B.     Defendant**

5.     Defendant admits.

6.     Defendant admits.

7.     Defendant admits only that between February 2005 and October 2010 it had filed certificates of assumed name to transact business under the assumed names of Power Strip, Industrial Strip, Chix on Dix, and Chix.  In further response, Defendant denies that it is presently operating a gentleman's club on Dix St. in Detroit, Michigan.

8.     Defendant admits only that it conducted business prior to June 2016 under the name of Chix Rock & Roll Gentlemen's Club.  Defendant denies that it is presently operating a gentleman's club on Dix St. in Detroit, Michigan.

9.     Defendant denies that it is presently operating a gentleman's club on Dix St. in Detroit, Michigan.  In further response, Defendant admits only that it previously operated a gentleman's club known as Power Strip, f/k/a Industrial Strip, Chix on Dix, and/or Chix at 403 S. Dix St., Detroit, Michigan until mid-June 2016.

## JURISDICTION AND VENUE

10.     Defendant denies the allegations contained in paragraph 10; in further answer, Defendant contends that Plaintiffs have failed to properly plead and/or establish a federal claim.

11.     Defendant does not contest venue.

3

## FACTUAL ALLEGATIONS

**A.    A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses**

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and, on that basis, denies them.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 and, on that basis, denies them.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 and, on that basis, denies them.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 and, on that basis, denies them.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and, on that basis, denies them.

**B.    Defendant Used Plaintiffs' Likenesses to Promote Defendant's Business Interests Without Plaintiffs' Authorization or Consent**

17.    Defendant admits only that employees and/or independent contractors may have operated certain Facebook accounts during the time that its gentleman's club was in business.  Defendant denies the remaining allegations of paragraph 17 for the reason that they are untrue; except Defendant admits that its Facebook accounts were used to advise its followers of events occurring at the club.

18.    Defendant denies that it had sole control over the contents of the referenced social media accounts for the reason that the allegation is untrue.

19.    Defendant denies the allegations contained in paragraph 19 for the reason that they are untrue.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs' images appeared on the referenced social media accounts including Facebook and, on that basis, denies this allegation.  Defendant denies the remaining allegations contained in paragraph 20 for the reason that they are untrue.

21.    Defendant denies the allegations contained in paragraph 21 for the reason that they are untrue.

22.    Defendant denies the allegations contained in paragraph 22 for the reason that they are untrue.

23.    Defendant denies the allegations contained in paragraph 23 for the reason that they are untrue.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 and, on that basis, denies them.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 and, on that basis, denies them.

26.    Defendant denies the allegations contained in paragraph 26 for the reason that they are untrue.

### C.    Defendant's Unauthorized Usages of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 and, on that basis, denies them.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 and, on that basis, denies them.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and, on that basis, denies them.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 and, on that basis, denies them.

31.    Defendant denies the allegations contained in paragraph 31 for the reason that they are untrue.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 and, on that basis, denies them.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 and, on that basis, denies them.

34.    Defendant denies the allegations contained in paragraph 34 for the reason that they are untrue.

35.    Defendant denies the allegations contained in paragraph 35 for the reason that they are untrue.

36.    Defendant denies the allegations contained in paragraph 36 for the reason that they are untrue.

## CLAIMS FOR RELIEF

## COUNT I
## Misappropriation of Likeness

37.     Defendant incorporates by reference its answers to paragraphs 1 through 36 of Plaintiffs' Complaint as if set forth herein verbatim.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 and, on that basis, denies them.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 and, on that basis, denies them.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 and, on that basis, denies them.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 and, on that basis, denies them.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 and, on that basis, denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 and, on that basis, denies them.

44.     Defendant denies the allegations contained in paragraph 44 for the reason that they are untrue.

45.     Defendant denies the allegations contained in paragraph 45 for the reason that they are untrue.

46.     Defendant denies the allegations contained in paragraph 46 for the reason that they are untrue.

47.     Defendant denies the allegations contained in paragraph 47 for the reason that they are untrue.

## COUNT II

### Unfair Competition/False Endorsement
### Lanham Act, 15 U.S. C. §1125(a)

48.     Defendant incorporates by reference its answers to paragraphs 1 through 47 of Plaintiffs' Complaint as if set forth herein verbatim.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 and, on that basis, denies them.

50.     Defendant denies the allegations contained in paragraph 50 for the reason that they are untrue.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51 and, on that basis, denies them.

52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 and, on that basis, denies them.

53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 and, on that basis, denies them.

54.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and, on that basis, denies them.

55.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and, on that basis, denies them.

56.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 and, on that basis, denies them.

57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 and, on that basis, denies them.

58.    Defendant denies the allegations contained in paragraph 58 for the reason that they are untrue.

59.    Defendant denies the allegations contained in paragraph 59 for the reason that they are untrue.

60.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 and, on that basis, denies them.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 and, on that basis, denies them.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 and, on that basis, denies them.

63.    Defendant denies the allegations contained in paragraph 63 for the reason that they are untrue.

64.    Defendant denies the allegations contained in paragraph 64 for the reason that they are untrue.

65.     Defendant denies the allegations contained in paragraph 65 for the reason that they are untrue.

66.     Defendant denies the allegations contained in paragraph 66 for the reason that they are untrue.

67.     Defendant denies the allegations contained in paragraph 67 for the reason that they are untrue.

68.     Defendant denies the allegations contained in paragraph 68 for the reason that they are untrue.

69.     Defendant denies the allegations contained in paragraph 69 for the reason that they are untrue.

70.     Defendant denies the allegations contained in paragraph 70 for the reason that they are untrue.

## COUNT III

### Violations of the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*

71.     Defendant incorporates by reference its answers to paragraphs 1 through 70 of Plaintiffs' Complaint as if set forth herein verbatim.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 and, on that basis, denies them.

73.     Defendant denies the allegations contained in paragraph 73 for the reason that they are untrue.

74.     Defendant denies the allegations contained in paragraph 74 (a)-(c) for the reason that they are untrue.

75.     Defendant denies the allegations contained in paragraph 75 for the reason that they are untrue.

76.     Defendant denies the allegations contained in paragraph 76 for the reason that they are untrue.

WHEREFORE and for the foregoing reasons Defendant requests this court to enter a judgment of no cause of action and award Defendant costs and attorney fees so wrongfully incurred.

CURLEY & BERKAL, P.C.


By: /s/ David J. Berkal
DAVID J. BERKAL (P39098)
Attorneys for Defendant
15635 W. 12 Mile Road, Suite 200
Southfield, MI 48076
(248) 552-1900/Fax (248) 552-1917
Email: dberkal@mcbpc.com

Dated: February 7, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CIELO JEAN GIBSON, VIDA
GUERRA and LINA POSADA,

      Plaintiffs,                       Case No: 2:19-cv-10003-BAF-APP

v.                                     Hon. Bernard A. Friedman
                                     Mag. Judge Anthony P. Patti

RIVER ENTERTAINMENT, LLC
d/b/a POWER STRIP dba
INDUSTRIAL STRIP dba CHIX
ON DIX dba CHIX dba CHIX
ROCK AND ROLL
GENTLEMAN'S CLUB,

      Defendant.

---

EDMUND S. ARONOWITZ (P81474)    DAVID J. BERKAL (P39098)
ARONOWITZ LAW FIRM, PLLC        CURLEY & BERKAL, P.C.
Attorneys for Plaintiffs                 Attorneys for Defendant
2609 Crooks Rd., #290                 15635 W. 12 Mile Rd., Ste. 200
Troy, MI 48084                        Southfield, MI 48076
(248) 716-5421/Fax (248) 419-1032   (248) 552-1900/Fax (248) 552-1917
edmund@aronowitzlawfirm.com       dberkal@mcbpc.com

---

**DEFENDANT RIVER ENTERTAINMENT LLC dba POWER STRIP
dba INDUSTRIAL STRIP dba CHIX ON DIX dba CHIX dba
CHIX ROCK AND ROLL GENTLEMAN'S CLUB'S
<u>AFFIRMATIVE AND/OR SPECIAL DEFENSES</u>**

NOW COMES Defendant, River Entertainment LLC d/b/a Power Strip dba

Industrial Strip dba Chix on Dix dba Chix dba Chix Rock and Roll Gentleman's

Club, by and through its attorneys, Curley & Berkal, P.C., and for its Affirmative/Special Defenses states as follows:

## First Affirmative Defense

Plaintiffs' claims fail because Defendant did not use Plaintiffs' images or likenesses for a commercial purpose, including but not limited to sponsorship or approval of a good or service in certain accounts on the Internet including, but not limited to, Facebook, Twitter and Instagram; and there was no likelihood of misleading or confusing Defendant's followers.

## Second Affirmative Defense

Plaintiffs' claims fail because Defendant did not use any word, term, name, symbol or device (or combination of same), any false designation of origin, false or misleading description of fact or false or misleading representation of fact in certain accounts on the Internet including, but not limited to, Facebook, Twitter and Instagram; and there was no likelihood of misleading or confusing Defendant's followers.

## Third Affirmative Defense

Plaintiffs' claims fail due to the lack of any likelihood of confusion, or any misunderstanding as to the source, sponsorship or approval between Defendant's services and Plaintiffs' services.

### Fourth Affirmative Defense

The relief requested in the Complaint is barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

The relief requested in the Complaint is barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

The relief requested is in the Complaint is barred, in whole or in part, by Plaintiffs' unclean hands.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, as a result of their consent to, license of and/or release of the alleged acts which form the basis of the claims.

### Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by an implied license.

### Ninth Affirmative Defense

The relief requested in the Complaint is barred, in whole or in part, by the doctrine of acquiescence.

### Tenth Affirmative Defense

Plaintiffs' claims are barred in whole or part by the adequate alternative remedies doctrine.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred in whole or in part based upon abandonment or the naked license defense, as a result of Plaintiffs' failure to enforce their alleged rights.

### Twelfth Affirmative Defense

Plaintiffs' claims fail because at all times relevant to this case Defendant acted in good faith in that, among other things, Defendant never willfully traded on or caused a dilution of Plaintiffs' goodwill.

### Thirteenth Affirmative Defense

Plaintiffs' claims for attorney's fees and/or punitive damages are barred because Defendant's alleged conduct was not willful, wanton, malicious, or in bad faith.

### Fourteenth Affirmative Defense

Plaintiffs' claims for attorney's fees and related claims are barred by the "bona fide error" defense.

### Fifteenth Affirmative Defense

Plaintiffs' claims as contained in Count III are barred on the grounds that Defendant is a regulated business.

## Sixteenth Affirmative Defense

Individuals, other than Defendant, were careless and negligent in and about the matter alleged and said carelessness and negligence on their part proximately contributed to and/or caused Plaintiffs' damages, if any, and should Plaintiffs recover any damages, Defendant is entitled to have such damages reduced or eliminated to the extent that third parties caused or contributed to such damages.

## Seventeenth Affirmative Defense

Plaintiffs were careless and negligent in and about the matter alleged and said carelessness and negligence on their part proximately contributed to and/or caused their damages, if any, and should Plaintiffs recover any damages, Defendant is entitled to have such damages reduced or eliminated to the extent that Plaintiffs caused or contributed to such damages.

## Eighteenth Affirmative Defense

Plaintiffs' claims are barred by the statute of limitations.

## Nineteenth Affirmative Defense

Plaintiffs fail to state facts sufficient to permit recovery of punitive, enhanced, or trebling of damages.

## Twentieth Affirmative Defense

Plaintiffs fail to state facts sufficient to permit recovery of attorneys' fees and costs.

## Twenty-First Affirmative Defense

Plaintiffs have failed to mitigate the damages, if any, that they have allegedly suffered.

## Twenty-Second Affirmative Defense

Plaintiffs' claims fail because Defendant never willfully traded on or caused a dilution of Plaintiffs' goodwill.

## Twenty-Third Affirmative Defense

Any purported damages sought by Plaintiffs in the form of Defendant's profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged conduct, if any, not the entirety of Defendant's profits.

## Twenty-Fourth Affirmative Defense

Defendant acted in good faith, innocent of any knowledge or intent to misappropriate Plaintiffs' rights.

## Twenty-Fifth Affirmative Defense

Awarding Plaintiffs the relief sought in the Complaint, including punitive damages, would violate Defendant's rights to due process of law under the United States Constitution and/or the Constitution of the State of Michigan and other states.

## Twenty-Sixth Affirmative Defense

Plaintiffs' claims are preempted, in whole or in part, by the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

### Twenty-Seventh Affirmative Defense

To the extent that the rights in the photographs in question are owned by the photographers, their assignees or others and not by Plaintiffs, Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing and, thus, the legal capacity to bring these claims.

### Twenty-Eighth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims are barred because they have failed to establish that they are the rightful owners of the rights upon which their claims are based.

### Thirtieth Affirmative Defense

Plaintiffs' claims are barred because persons other than Plaintiffs are the rightful owners of the rights upon which Plaintiffs' claims are based.

### Thirty-First Affirmative Defense

To the extent any statement may have been made by Defendant concerning Plaintiffs, truth is a defense to the claims set forth in Plaintiffs' Complaint.

### Thirty-Second Affirmative Defense

If any statement is alleged to have been made by Defendant about Plaintiffs, any such statements were made in good faith and in truth without malice, intent or

ill will, were reasonable under the circumstances, and were made without any intention to injure or damage Plaintiffs.

### Thirty-Third Affirmative Defense

The First Amendment bars Plaintiffs' claims in whole or in part because, among other reasons, Plaintiffs are public figures or limited purpose public figures.

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the fair use doctrine.

### Thirty-Fifth Affirmative Defense

Plaintiffs' claims are barred by the fact that some or all of Plaintiffs' claimed marks are descriptive, generic, or have otherwise not attained or acquired secondary meaning, and are not inherently distinctive as average consumers do not associate the marks with Plaintiffs as their source.

### Thirty-Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendant's alleged infringing activities did not involve passing off its services as those of Plaintiffs.

### Thirty-Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by their failure to name as Defendants herein all parties necessary for a full and complete adjudication of their claims.

### Thirty-Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of innocent infringement.

### Thirty-Ninth Affirmative Defense

Defendant is entitled to full or partial indemnity from other parties who are found to have proximately caused injury to Plaintiffs, if there were any, and/or who expressly or impliedly agreed and who are equitably required to indemnify or hold harmless Defendant from damages or liabilities such as those claimed by Plaintiffs.

### Fortieth Affirmative Defense

Plaintiffs' claims are barred in that the purported actions of Defendant as alleged in the Complaint were authorized, directly or indirectly, by the actions and/or inactions of Plaintiffs or by their agents, representatives and/or licensees.

### Forty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs have received consideration for the alleged publications underlying their Complaint.

### Forty-Second Affirmative Defense

Plaintiffs' lack standing to bring an action pursuant to the Michigan Consumer Protection Act; M.C.L.A. § 445901, *et seq.*

### Forty-Third Affirmative Defense

Plaintiffs are not within the class of persons protected by the Michigan

Consumer Protection Act; M.C.L.A. § 445.901, *et seq*.

### Forty-Fourth Affirmative Defense

The transactions at issue are not subjection to the Michigan Consumer

Protection Act; M.C.L.A. § 445.901, *et seq*.

### Further Affirmative Defenses

Defendant reserves the right to assert additional affirmative defenses based

on information learned or obtained during discovery.

CURLEY & BERKAL, P.C.


By: *ls/ David J. Berkal*
DAVID J. BERKAL (P39098)
Attorneys for Defendant
15635 W. 12 Mile Road, Suite 200
Southfield, MI 48076
(248) 552-1900/Fax (248) 552-1917
Dated:  February 7, 2019          Email:  dberkal@mcbpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CIELO JEAN GIBSON, VIDA
GUERRA and LINA POSADA,

      Plaintiffs,                   Case No: 2:19-cv-10003-BAF-APP

v.                                 Hon. Bernard A. Friedman
                                 Mag. Judge Anthony P. Patti

RIVER ENTERTAINMENT, LLC
d/b/a POWER STRIP dba
INDUSTRIAL STRIP dba CHIX
ON DIX dba CHIX dba CHIX
ROCK AND ROLL
GENTLEMAN'S CLUB,

      Defendant.

---

EDMUND S. ARONOWITZ (P81474)     DAVID J. BERKAL (P39098)
ARONOWITZ LAW FIRM, PLLC        CURLEY & BERKAL, P.C.
Attorneys for Plaintiffs               Attorneys for Defendant
2609 Crooks Rd., #290              15635 W. 12 Mile Rd., Ste. 200
Troy, MI 48084                    Southfield, MI 48076
(248) 716-5421/Fax (248) 419-1032   (248) 552-1900/Fax (248) 552-1917
edmund@aronowitzlawfirm.com      dberkal@mcbpc.com

---

**DEFENDANT RIVER ENTERTAINMENT LLC dba POWER STRIP
dba INDUSTRIAL STRIP dba CHIX ON DIX dba CHIX dba
CHIX ROCK AND ROLL GENTLEMAN'S CLUB'S
RELIANCE ON JURY DEMAND**

    Defendant, River Entertainment LLC d/b/a Power Strip dba Industrial Strip

dba Chix on Dix dba Chix dba Chix Rock and Roll Gentleman's Club, by and

through its attorneys, Curley & Berkal, P.C., hereby relies upon the Jury Demand

filed in this matter.

                              CURLEY & BERKAL, P.C.


                              By: *ls/ David J. Berkal*
                              DAVID J. BERKAL (P39098)
                              Attorneys for Defendant
                              15635 W. 12 Mile Road, Suite 200
                              Southfield, MI 48076
                              (248) 552-1900/Fax (248) 552-1917
Dated:  February 7, 2019           Email:  dberkal@mcbpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I electronically filed Defendant

River Entertainment, LLC's Answer, Affirmative Defenses and Reliance on Jury

Demand with the Clerk of the Court using the ECF system which will send

notification of such filing to the following:

EDMUND S. ARONOWITZ (P81474)
ARONOWITZ LAW FIRM, PLLC
Attorneys for Plaintiff
2609 Crooks Rd., #290
Troy, MI 48084
(248) 716-5421/Fax (248) 419-1032
edmund@aronowitzlawfirm.com

By: /s/ David J. Berkal
DAVID J. BERKAL (P39098)
CURLEY & BERKAL, P.C.
Attorneys for Defendant
15635 W. 12 Mile Road, Suite 200
Southfield, MI 48076
(248) 552-1900/Fax (248) 552-1917
Email:  dberkal@mcbpc.com